IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE LEE CRUM, ) | |
| AIS #231138, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 18-00425-JB-N |
| ) | |
| DEBORAH TONEY,[1] *Warden,* ) | |
| *Limestone Correctional Facility*, ) | |
|     Respondent. ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Jimmie Lee Crum, an Alabama prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 6). The District Judge presiding over this case referred Crum's petition to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* S.D. Ala. GenLR 72(b); (10/30/2018 electronic referral).

The Respondent, through the Office of the Attorney General of the State of Alabama, timely filed an Answer (Doc. 13) to the petition. Crum's § 2254 petition is

---

[1] Based on the undersigned's review of ADOC's inmate registry, Petitioner is now in custody at Limestone Correctional Facility. *See* http://www.doc.state.al.us/ inmatesearch (last accessed on Feb. 17, 2022). Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Deborah Toney, the Warden of Limestone Correctional Facility, is substituted as the proper Respondent in this action. The Clerk is **DIRECTED** to update the docket accordingly.

now under submission and ripe for disposition. Following a thorough review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted.[2] Upon consideration, the undersigned **RECOMMENDS** that Crum's habeas petition (Doc. 6) be **DISMISSED with prejudice**. The undersigned also **RECOMMENDS** that Crum be **DENIED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal.

## I.  *Background*

In January 2010, a jury in Mobile County Circuit Court found Crum guilty of murder. (Doc. 13, PageID.53). The trial court sentenced Crum to life imprisonment. (Doc. 13, PageID.53). Crum appealed his conviction to the Alabama Court of Criminal Appeals ("ACCA") (Doc. 13-1), which affirmed his conviction (Doc. 13-3). Crum did not file a writ of certiorari in the Supreme Court of Alabama, so the ACCA issued a Certificate of Judgment on July 6, 2011. (*See* Doc. 13-3).

On March 21, 2012, Crum filed a Rule 32 petition in Mobile County Circuit Court. (Doc. 13-7, PageID.164). With the benefit of the State's response, the trial court dismissed the petition as meritless (Doc. 13-7, PageID.165). Crum appealed to the ACCA (Doc. 13-5), which affirmed the trial court's ruling (Doc. 13-7). On November

---

[2] This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) because Crum filed his federal habeas petition after April 24, 1996. "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1337 (11th Cir. 2004). Crum failed to establish that an evidentiary hearing is warranted in this case. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

2

15, 2013, the Supreme Court of Alabama denied Crum's subsequent petition for a writ of certiorari and issued a certificate of judgment. (Doc. 15-1).

On August 9, 2017—about four years after the dismissal of his first Rule 32 petition became final—Crum filed a second Rule 32 petition in Mobile County Circuit Court. (Doc. 15-4, PageID.242). The trial court dismissed the petition. (Doc. 15-4, PageID.242). Crum appealed, but the ACCA affirmed the trial court's dismissal. (Doc. 15-4). Crum then filed a petition for a writ of certiorari in the Supreme Court of Alabama, which denied his petition. (*See* Doc. 13, PageID.55). On July 13, 2018, the ACCA issued a certificate of judgment. (Doc. 15-5).

Next, Crum filed the subject habeas petition under 28 U.S.C. § 2254 on August 12, 2018, in the Northern District of Alabama.[3] (Doc. 4, PageID.4). Because Crum challenged a conviction from Mobile County Circuit Court, which is located in the Southern District of Alabama, the U.S. District Court for the Northern District of Alabama transferred the petition to this Court. (Doc. 4, PageID.2–3). After receiving the case, this Court ordered Crum to file an amended petition on the Court's form. (Doc. 5). Crum complied (Doc. 6), and the Court ordered the petition served (Doc. 8). Respondent timely filed an answer with the state court record attached. (Doc. 13, Doc. 15). Respondent argued that Crum's petition is time-barred, so the Court offered Crum an opportunity to submit briefing and evidence in response. (Doc. 16). Crum

---

[3] Crum's petition is deemed filed on the date he certifies he delivered it to prison officials for mailing. *See Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009).

moved for more time to file a reply (Doc. 17), which the Court granted (Doc. 18). However, Crum failed to file a reply.

## II. *Analysis*

Crum's amended petition (Doc. 6) should be dismissed because it is (a) untimely, and (b) meritless. Each issue is discussed in turn.

### a. Crum's Petition is Untimely

Crum's § 2254 petition should be dismissed because it is time-barred under 28 U.S.C. § 2244(d)(1). Crum's petition is subject to AEDPA, which imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in Crum's present petition supports running his one-year limitations period from any of the dates in §§ 2244(d)(1)(B)–(D). Thus, Crum

ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

Crum challenges a criminal judgment handed down by the Mobile County Circuit Court.[4] The state court records produced by Respondent show that, following the ACCA's affirmance of his criminal judgment, Crum took no further action on direct appeal. The ACCA issued a final judgment of conviction on July 6, 2011, which starts Crum's AEDPA clock the following day. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006) (per curiam) (unpublished).

"The limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2)). Crum filed pro se a Rule 32 petition on March 21, 2012, (*see* Doc. 13-7, PageID.164), thus tolling his AEDPA clock at 258 days. *See McCloud*, 560 F.3d at 1227 ("[A] Rule 32 petition is a tolling motion under § 2244(d)(2) . . . ."). On appeal of the circuit court's summary dismissal of Crum's Rule 32 petition, the ACCA affirmed (*see* Doc. 13-7), and the Supreme Court of Alabama denied certiorari review of that decision on November 15, 2013. (*See* Doc. 15-1). Thus,

---

[4] This Court has jurisdiction to entertain Crum's habeas petition, *see* 28 U.S.C. § 2241(d), because he challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c).

5

Crum's AEDPA clock began running again on November 16, 2013, with 107 days remaining.[5]

Crum's AEDPA clock expired after March 3, 2014. Over three years later, on August 4, 2017, Crum filed a second Rule 32 petition in Mobile County Circuit Court, which summarily dismissed the filing. Crum appealed, but the ACCA affirmed (Doc. 15-4) and issued a certificate of final judgment on July 13, 2018 (Doc. 15-5). Crum filed his § 2254 petition in the Middle District of Alabama on January 12, 2019 (Doc. 4, PageID.19)—over four years after his AEDPA clock expired. In her response, Respondent argued that Crum's petition is time-barred. (Doc. 13, PageID.57).

Equitable exceptions may excuse an untimely habeas claim. First,

> the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).
>
> The Supreme Court []affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As

---

[5] Unlike in direct appeals, the time for seeking certiorari review with the United States Supreme Court in state post-conviction proceedings does not toll the AEDPA clock. *See Lawrence v. Florida,* 549 U.S. 327, 331–36 (2007).

6

for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted).

Second,

> [i]n *McQuiggin* [*v. Perkins*], the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup* [*v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," *id.* at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished).

When Crum filed his § 2254 petition, nothing in the record suggested that either of these equitable exceptions apply. The Court directed Crum to file a brief, along with any supporting materials he deems necessary, showing cause why his § 2254 petition should not be denied as untimely. (Doc. 16). Crum filed a motion for an

7

extension of his deadline to comply (Doc. 17), which the Court granted (Doc. 18). However, Crum failed to file any brief or materials in reply.

Crum neglected to submit any argument that his petition is timely, and the undersigned's own review of the record finds that neither exception to § 2241(d)(1)'s time bar applies. Construing Crum's substantive claim of actual innocence[6] as an attempt to invoke an exception to § 2241(d)(1), his allegations fall short of establishing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 329. Crum does not set out any such evidence in his operative petition, instead relying on the bare assertion that an eyewitness offered an out of court statement that he was not the aggressor, running counter to her testimony.[7] (Doc. 6, PageID.33). Even accepting this claim as true—and that it could be proven with reliable evidence— Crum falls short of establishing that no reasonable jury could have found him guilty beyond a reasonable doubt. As the ACCA observed during his direct appeal, the prosecution offered ample evidence of Crum's guilt, including other eyewitness testimony and physical evidence. (*See* Doc. 13-3, PageID.112–17.). Crum's case is not one of the "truly extraordinary" cases in which a showing of innocence can pierce AEDPA's time bar. *See Schlup,* 513 U.S. at 327. Accordingly, Crum's petition (Doc. 6) is untimely under 28 U.S.C. § 2244(d)(1) and should be dismissed.

---

[6] This substantive claim is not cognizable on § 2254 review. *See infra,* Section II.b.

[7] Crum does not identify this eyewitness in is operative petition (*see* Doc. 6), but based on his original petition (Doc. 4, PageID.12–13), he seems to be referring to Willie Mae Simmons.

### b. Crum's Claims Lack Merit

Even if Crum's petition were timely, his claims would fall short of § 2254's demanding standards. AEDPA significantly limits the scope of federal review where the state court adjudicated a claim on the merits. Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

According to subsection (1), "[a] federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite our opinions." *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). Indeed, "a state court need not even be aware of our precedents, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Id.* (internal quotation marks omitted).

Importantly, "[f]or purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v.*

9

*Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted) (emphasis in original). Thus, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* (internal quotation marks omitted). That is, "an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted); *Williams v. Taylor*, 529 U.S. 362, 411 (2000) (noting that a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law *erroneously* or *incorrectly*"—the "application must also be *unreasonable*").

"To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted). And "[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Harrington*, 562 U.S. at 101 (internal quotation marks omitted). However, "even a general standard may be applied in an unreasonable manner." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). The petitioner bears the burden of showing that the state court's ruling was contrary to, or involved an unreasonable

10

application of, controlling Supreme Court precedent. *Harrington*, 562 U.S. at 98; *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Likewise, with respect to § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 571 U.S. 12 (2013) (internal quotation marks omitted). In other words, "if some fair-minded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied . . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011); *see also Greene v. Fisher*, 565 U.S. 34 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice system, and not as a means of error correction") (citations and internal quotation marks omitted); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (citations and internal quotation marks omitted); *Holsey v. Warden, Georgia Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) (noting that "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied") (citation omitted).

Accordingly, in evaluating a § 2254 petition, the Court takes great care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state

court has rejected on the merits simply because the state court held a view different from its own." *Hill v. Humphrey*, 662 F.3d 1335, 1355 (11th Cir. 2011); *see also Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). "If this standard is difficult to meet—and it is—that is because it was meant to be. [Federal courts] will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Burt*, 571 U.S. at 20 (internal citations and quotation marks omitted).

Crum raises two grounds for relief: (1) he was arrested without a warrant and kept in pretrial detention in violation of Alabama Rules of Criminal Procedure 4.3–4.4 and the Fourth Amendment of the United States Constitution; and (2) he is actually innocent. The first claim fails to the extent it alleges violations of state laws, which are not cognizable on federal habeas review. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[F]ederal habeas corpus relief does not lie for errors of state law." (quoting *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)). Further, any challenge to pretrial detention under the Fourth Amendment is moot as Crum is now in custody pursuant to a criminal judgment. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) ("[A]lthough a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."). Crum's second claim fails because a stand-alone claim of actual innocence is not cognizable on § 2254

12

review. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Accordingly, Crum's § 2254 petition (Doc. 6) should also be dismissed as meritless.

**c. Certificate of Appealability**

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. While "a COA does not require a showing that the appeal will succeed[,]" a prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337–38 (internal quotation marks omitted). Rather, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon consideration, the undersigned **RECOMMENDS** that Crum be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right.[8]

---

[8] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011). Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

**d. Appeal In Forma Pauperis**

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding

> that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit.

*Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Crum in this action would be without merit and

15

therefore not taken in good faith, thus denying him entitlement to appeal in forma pauperis.[9]

### III. *Conclusion*

Crum's claims are time-barred and meritless. Accordingly, the undersigned **RECOMMENDS** that Crum's amended § 2254 petition (Doc. 6) be **DISMISSED with prejudice**, without an evidentiary hearing; that the Court find Crum is not entitled to a Certificate of Appealability or to proceed in forma pauperis on appeal; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for

---

[9] Should the Court deny leave to appeal in forma pauperis, Crum may file a motion to proceed on appeal in forma pauperis with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

16

objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 17th day of February 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**